UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN GIL ACOSTA,<br>a/k/a "El 200,"<br><br>Defendant. | **SEALED SUPERSEDING INDICTMENT**<br><br>S6 23 Cr. 180 (KPF) |

The Grand Jury charges:

## Overview

1.  Fentanyl is the single deadliest drug threat that the United States has ever encountered. Fifty times more potent than heroin, fentanyl has ruined countless lives, decimated entire communities, and killed Americans at an unprecedented rate.

2.  The Sinaloa Cartel (the "Cartel"), based in the Mexican state of Sinaloa, operates in countries around the world and is one of the dominant drug trafficking organizations in the Western Hemisphere. The Cartel is largely responsible for the massive influx of fentanyl into the United States over the past approximately ten years, and for the accompanying violence and deaths that have afflicted communities on both sides of the U.S.-Mexico border.

3.  The sons of the Cartel's notorious former leader, Joaquín Archivaldo Guzmán Loera, a/k/a "El Chapo,"[1] known collectively as the "Chapitos," have variously and at times led the most powerful faction of the Cartel and the largest, most violent, and most prolific fentanyl trafficking operation in the world. To protect and further their fentanyl trafficking operation, the

---

[1] Joaquín Archivaldo Guzmán Loera was extradited to the United States in 2017 and convicted of federal narcotics trafficking, weapons, and money laundering offenses on February 12, 2019. On July 17, 2019, he was sentenced to a term of imprisonment of life plus 30 years. He is currently serving that sentence.

Chapitos and their confederates have relied on armed enforcers, known as *sicarios*. The Chapitos' *sicarios* comprise a security apparatus built to commit acts of violence to protect the Chapitos' operation and its leaders, territory, labs, trafficking routes, and money. These *sicarios* regularly use military-grade weapons smuggled from the United States, including machineguns, to perpetrate violence, including murder, torture, and kidnapping.

4. For example, in or about October 2019, one of the Chapitos, Ovidio Guzman Lopez,[2] was temporarily taken into custody in Culiacán, the capital of the Mexican state of Sinaloa, by Mexican authorities for the first time. In response to his arrest, the Chapitos harnessed all military-grade power loyal to them and ordered all available *sicarios* to converge on Culiacán to fight for the release of Ovidio Guzman Lopez. In the ensuing battle, known as the "Culiacanázo," *sicarios* loyal to the Chapitos attacked and killed Mexican government and military officials throughout Sinaloa and surrounded Culiacán, engulfing the city in a wave of violence. Ultimately, the Mexican government released Ovidio Guzman Lopez after significant destruction and approximately 13 deaths, including a member of the Mexican National Guard.

5. KEVIN GIL ACOSTA, a/k/a "El 200," the defendant, was a leader in the Chapitos' security apparatus. On behalf of the Chapitos, GIL ACOSTA led *sicarios* armed with AK-47s, M-16s, and AR-15s in attacks on Mexican government and military officials during the Culiacanázo. GIL ACOSTA served as the leader of a group of *sicarios* tasked with protecting the Chapitos' fentanyl laboratories and fentanyl distribution routes. GIL ACOSTA also personally trafficked fentanyl manufactured in labs controlled by the Chapitos.

---

[2] Ovidio Guzman Lopez was arrested in January 2023 in connection with U.S. federal narcotics trafficking, weapons and money laundering offenses. In September 2023, he was extradited to the United States and ordered detained. As of the date of this superseding Indictment, his cases are pending.

## COUNT ONE
## (Fentanyl Importation Conspiracy)

6. From at least in or about 2019, up to and including at least in or about 2023, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, KEVIN GIL ACOSTA, a/k/a "El 200," the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

7. It was a part and an object of the conspiracy that KEVIN GIL ACOSTA, a/k/a "El 200," the defendant, and others known and unknown, would and did import into the United States and into the customs territory of the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

8. It was further a part and an object of the conspiracy that KEVIN GIL ACOSTA, a/k/a "El 200," the defendant, and others known and unknown, would and did manufacture, distribute, and possess with intent to distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

9. The controlled substance that KEVIN GIL ACOSTA, a/k/a "El 200," the defendant, conspired to (i) import into the United States and into the customs territory of the United States from a place outside thereof, and (ii) manufacture, distribute, and possess with intent to distribute, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the

coast of the United States, was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 960(b)(1)(F).

(Title 21, United States Code, Section 963; and
Title 18, United States Code, Section 3238.)

## COUNT TWO
### (Fentanyl Trafficking Conspiracy)

The Grand Jury further charges:

10. The allegations contained in Paragraphs 1 through 5 of this Superseding Indictment are incorporated as though fully set forth herein.

11. From at least in or about 2019, up to and including at least in or about 2023, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, KEVIN GIL ACOSTA, a/k/a "El 200," the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

12. It was a part and an object of the conspiracy that KEVIN GIL ACOSTA, a/k/a "El 200," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

13. The controlled substance that KEVIN GIL ACOSTA, a/k/a "El 200," the defendant, conspired to distribute and possess with intent to distribute was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United

States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846; and
Title 18, United States Code, Section 3238.)

## COUNT THREE
**(Possession of Machineguns and Destructive Devices)**

The Grand Jury further charges:

14. The allegations contained in Paragraphs 1 through 5 of this Superseding Indictment are incorporated as though fully set forth herein.

15. From at least in or about 2019, up to and including at least in or about 2023, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, and for which at least one of two or more joint offenders has been first brought to and arrested in the Southern District of New York, KEVIN GIL ACOSTA, a/k/a "El 200," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, the offenses charged in Counts One and Two of this Superseding Indictment, knowingly used and carried firearms, and, in furtherance of such crimes, knowingly possessed firearms, and aided and abetted the use, carrying, and possession of firearms, including machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices.

(Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238, and 2.)

## COUNT FOUR
**(Conspiracy to Possess Machineguns and Destructive Devices)**

The Grand Jury further charges:

16. The allegations contained in Paragraphs 1 through 5 of this Superseding Indictment are incorporated as though fully set forth herein.

17. From at least in or about 2019, up to and including at least in or about 2023, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, KEVIN GIL ACOSTA, a/k/a "El 200," the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 924(c).

18. It was a part and an object of the conspiracy that KEVIN GIL ACOSTA, a/k/a "El 200," the defendant, and others known and unknown, would and did, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, the offenses charged in Counts One and Two, of this Superseding Indictment, knowingly use and carry firearms, and, in furtherance of such crimes, knowingly possess firearms, including machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B)(ii).

(Title 18, United States Code, Sections 924(o) and 3238.)

**FORFEITURE ALLEGATIONS**

19. As a result of committing the controlled substance offenses charged in Counts One and Two of this Superseding Indictment, KEVIN GIL ACOSTA, a/k/a "El 200," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses, and any and all property used, or intended to be used, in

6

any manner or part, to commit, and to facilitate the commission of, the offenses charged in Counts One and Two of this Superseding Indictment.

20. As a result of committing the firearms offenses charged in Counts Three and Four of this Superseding Indictment, KEVIN GIL ACOSTA, a/k/a "El 200," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all firearms and ammunition involved in and used in the commission of the offenses charged in Counts Three and Four of this Superseding Indictment.

<u>Substitute Assets Provision</u>

21. If any of the above-described forfeitable property, as a result of any act or omission of KEVIN GIL ACOSTA, a/k/a "El 200," the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

> (Title 21, United States Code, Sections 853 and 970;
> Title 18, United States Code, Section 924(d); and
> Title 28, United States Code, Section 2461(c).)

_____  
FOREPERSON

*Matthew Podolsky*
_____  
MATTHEW PODOLSKY  
Acting United States Attorney